```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
REIZE MARGOLIS,                                 :
                                                :       Case No.:
                    Plaintiff,                  :
                                                :       AMENDED COMPLAINT
        - against -                             :
                                                :
PORTFOLIO RECOVERY ASSOCIATES, LLC,             :
                                                :
                    Defendant.                  :
------------------------------------------------------------ X
```

REIZE MARGOLIS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a(3).

6. On information and belief, Defendant is a collection agency with its principal place of business located at P O BOX 12914, NORFOLK, VA 23541.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in that they regularly engaged in collections of debts allegedly owed by consumers subject to the FDCPA.

## **ALLEGATIONS**

8. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

9. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

10. The debt was assigned to Defendant after the account was already in default.

11. Plaintiff is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a of the FDCPA.

12. On February 17, 2021, in its efforts to collect the Debt, Defendant contacted Plaintiff directly by mailing Plaintiff an envelope containing documents associated with her debt. See February 17, 2021 Letter attached hereto as Exhibit 1, which was postmarked on February 23, 2021.

13. However, Defendant knew or should have known that Plaintiff was represented by counsel. See Email Communication dated January 25, 2021 to an attorney employed by Defendant for collections.

14. This email was not returned to sender as a bad email address or for any other reason.

15. The February 17, 2021 Letter conveyed information regarding the alleged Debt.

16. The February 17, 2021 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692c(a)(2) provides that "[w]ithout the prior consent of the consumer given directly to the debt collector…, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

18. On January 25, 2021, Plaintiff's attorney had sent an email to Defendant that Plaintiff was represented by an attorney with respect to the alleged Debt. See Exhibit 2.

19. On February 17, 2021 Defendant responded directly to Plaintiff stating ''In response to your request'' which means Defendant knew Plaintiff was represented by an attorney with respect to the alleged Debt and responding to Plaintiff email communication dated January 25, 2021.

20. Furthermore, it appears that the Defendant was fully aware of the notice of communication letter and no due diligence was done to actually look at that Plaintiff was represented by Attorney.

21. At the time it sent the Mailing to Plaintiff, Plaintiff was represented by an attorney with respect to the alleged Debt.

22. At the time it sent the Mailing to Plaintiff, Defendant knew Plaintiff was represented by an attorney with respect to the alleged Debt.

23. At the time it sent the Mailing to Plaintiff, Defendant should have known Plaintiff was represented by an attorney with respect to the alleged Debt.

24. At the time it sent the Mailing to Plaintiff, Plaintiff did not consent to Defendant contacting him directly.

25. At the time it sent the Mailing to Plaintiff, Plaintiff's counsel did not consent to Defendant contacting his client directly.

26. Despite that fact that Defendant was on notice that Plaintiff was represented by an attorney with respect to the alleged Debt, Defendant contacted Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

27. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending Plaintiff the subject Mailing, when it knew Plaintiff was represented by an attorney, with the prior consent of Plaintiff or the express permission of a court of competent jurisdiction.

28. 15 U.S.C. § 1692e protects Plaintiff's concrete interests that Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.

29. As set forth herein, Defendant deprived Plaintiff of this right as the letter states that "in response to your request…", yet Plaintiff personally did not make said request, but rather it was Plaintiff's attorney who contacted Defendant.

30. This phrase is misleading and/or deceptive to the Plaintiff when it received the February 17, 2021 Letter as Plaintiff had not himself reached out and made a request to Defendant.

31. Plaintiff has already sustained an injury in fact, and is concerned that without bringing this case to this Court the Defendant will continue to circumvent her attorney and federal debt collection rules, and will continue to communicate and possibly threaten Plaintiff directly and harass the Plaintiff despite his best efforts to resolve the subject case.

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

32. Plaintiff repeats the allegations contained in paragraphs above as if the same were set forth at length.

33. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

34. By Defendant's actions as set forth above, Defendant violated:

    a. 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff;

    b. 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff if the debt collector knew or should have known that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

    c. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

    d. 15 U.S.C. § 1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

    e. 15 U.S.C. § 1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

    f. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

    g. 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

## JURY DEMAND

35. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Statutory and actual damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k; and

c. Awarding pre-judgment and post-judgment interest; all together with

d. Such other relief that the Court determines is just and proper.

Dated: January 17, 2022

Brooklyn, New York

    /s/ Joseph Balisok_____
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Zalman@LawBalisok.com
Attorney for Defendant